UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WILKES, | ) | CASE NO. 3:14cv990 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| NEIL TURNER, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

*Pro se* petitioner Joseph Wilkes filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254 on July 7, 2014.[1] Petitioner is currently serving a six-year sentence in the North Central Correctional Institution, having been convicted on March 7, 2012 of trafficking in heroin and crack cocaine and possession of a firearm under a disability. He asserts four grounds for relief in this petition: (1) the Court of Appeals erred by not granting relief on an issue regarding a defective jury form; (2) he received ineffective assistance of trial counsel; (3) his verdict was against the manifest weight of the evidence; and (4) his due process and equal protection rights were violated because the Ohio Court of Appeals did not conduct a meaningful review of his direct appeal. He seeks immediate release from prison.

---

[1] Petitioner originally filed this action in the United States District Court for the Southern District of Ohio on May 7, 2014. The pleading was a hybrid civil rights action and habeas corpus petition. The Southern District severed the two actions, assigned them separate case numbers and transferred both cases to this Court. Because the pleading was written as a civil rights complaint, this Court ordered petitioner to file an amended petition on or before July 11, 2014. Petitioner filed his amended petition on July 7, 2014. (Doc. No. 8).

I. **Background**

In the summer of 2010, Toledo police received information that drugs were being sold from a house on Knower Street on the city's south side. *State v. Wilkes*, No. L–12–1119, 2013 WL 2612282 at *1 (Ohio Ct. App. June 7, 2013). As a result of this tip, officers of the vice-narcotics unit set up surveillance on the house. *Id.* Over the next few weeks, officers observed numerous people come to the house, stay only a few minutes, and then depart. *Id.* On one occasion, officers observed petitioner at the house exchanging something hand to hand with an unidentified female. *Id.*

Officers believed this activity indicated a pattern of drug trafficking from the Knower Street house and arranged for a confidential informant to conduct a "controlled buy" from the residence. *Id.* When the confidential informant successfully purchased crack cocaine, police obtained a warrant to search the property. *Id.* The warrant was executed on September 30, 2010. *Id.* When police entered the house, they found petitioner and a female companion on a make-shift bed on the floor, along with a glass jar containing 37 packets of crack cocaine, 31 packets of heroin, and a loaded handgun. *Id.* Officers also found a syringe, two spoons with heroin residue and some heroin in a woman's purse and jacket. *Id.*

Petitioner was arrested and charged in a five-count indictment with possession and trafficking in crack cocaine, possession and trafficking in heroin and possessing a weapon under disability. *Id.* He pleaded not guilty to all charges and the matter proceeded to trial before a jury. *Id.* At trial, the officers who conducted the investigation testified to finding the drugs and weapon in the Knower Street house. *Id.* The drugs and pistol were admitted into evidence along with a gas company bill addressed to petitioner at the Knower Street house, and the forensic analysis of the contents of a cell phone found in the house. *Id.* One of the pictures on the cell

2

phone showed petitioner with what appeared to be a gun, similar to the one found in the house, tucked into his waistband. *Id.* Petitioner rested without presenting a defense. *Id.* The jury found petitioner guilty on all counts after only fifty minutes of deliberation. *Id.* At petitioner's sentencing, the court merged the possession counts with the trafficking counts and sentenced petitioner to a four-year term of incarceration for heroin trafficking, a concurrent four-year term for cocaine trafficking, plus a two-year term for possessing weapons under a disability, to be served consecutively to his other sentences, for a total of six years of incarceration. *Id.* at *2.

Petitioner filed a timely appeal. He asserted nine assignments of error:

> 1. The verdict forms and the resulting entry were insufficient under R.C. § 2945.75 to support [his] convictions and sentences for trafficking in heroin and cocaine as a felony of the degree reflected in the entries, as to Counts II and IV of the indictment (and as to pre-merger Counts I and III).

> 2. The prosecuting attorney improperly attempted to shift the burden of proof as to the *mens rea* element for Counts II and IV to the defense, in violation of [his] right under the Ohio Constitution and the United States Constitution to trial by jury and due process.

> 3. [He] was denied his right under the Ohio Constitution and under the United States Constitution to due process of law and effective assistance of counsel when trial counsel failed to object to the prosecution shifting of the burden of proof to the defense as discussed in the second assignment of error.

> 4. [He] was denied due process of law when the prosecution was allowed to present testimony from a state officer on direct [examination] in the state[']s case in chief of [his] assertion of his right to remain silent and his right to an attorney and to argue at close in such a way as to suggest that assertion of these rights suggested consciousness of guilt, all while [he] was also deprived of effective assistance of counsel in failing to seek suppression and/or exclusion of this evidence and these comments effectively.

> 5. [He] was deprived of effective assistance of counsel when the defense did not seek to limit the discussion of the weapons disability.

> 6. [He] was denied due process of law and denied effective assistance of counsel when the State was allowed to introduce evidence of an attorney fee agreement pertaining to defense of a criminal charge.

3

> 7. The verdicts for each and every count were not supported by sufficient evidence.
>
> 8. The verdicts for each and every count were against the manifest weight of the evidence.
>
> 9. [He] was deprived of the effective assistance of counsel when defense counsel failed to object to the admissibility of a journal entry purporting to indicate a prior conviction for a felony offense of violence.

*Id.* The Court of Appeals affirmed his conviction and sentence on June 7, 2013.

Petitioner did not file a timely appeal of this decision to the Supreme Court of Ohio. Instead, he waited more than a year and filed a motion for delayed appeal on August 11, 2014. He did not indicate the grounds he would have raised if he were permitted to proceed with his appeal. The Supreme Court of Ohio denied the motion and dismissed the appeal on September 24, 2014.

## II.     Habeas Petition

Petitioner's habeas petition asserts four grounds for relief. First, he claims that the court of appeals erred by not granting relief with respect to a defective jury form that failed to comport with the requirements of Ohio Rev. Code § 2945.75(A)(2) because it did not include either the degree of the offense or a statement that an aggravated element was found to justify his conviction. Second, he asserts that he received ineffective assistance of trial counsel because his counsel failed to object at critical points during the criminal trial. Third, he contends the verdict was against the manifest weight of the evidence, since he claims he was just visiting the house and the drugs found there belonged to the female occupant, not to him. Finally, he asserts his due process and equal protection rights were violated because the Ohio court of appeals did not conduct a meaningful review of his direct appeal. He contends the court of appeals came to the

4

wrong conclusions after considering his assignments of error. (Doc. No. 8 at 49-54). He seeks immediate release from prison.

### III.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, . . . and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (quoting *Williams v. Taylor*, 529 U.S. 362, 436, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000) (additional internal quotation marks and citations omitted)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, this Court shall presume to be correct any factual determination made by a state court. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774-76.

A decision is contrary to clearly established law under § 2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams*, 529 U.S. at 405. In order to have an "unreasonable application of . . . clearly established Federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings, as opposed to dicta, of the Supreme Court. *Id.* at 415.

A state court's determination of fact will be unreasonable under § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). In other words, a state court's determination of facts is unreasonable if its findings conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). The AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998) (quoting *Lindh v. Murphy*, 96 F.3d 856, 870-71 (7th Cir. 1996)).

### IV. <u>Procedural Barriers to Habeas Review</u>

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 158 L.

Ed. 2d 64 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, "[i]n determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (citations omitted). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory that is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (citations omitted). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).

To decide if a claim is procedurally defaulted, the court must determine: (1) that there is a state procedural rule applicable to petitioner's claim, and that petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "'Cause' is a legitimate excuse for the default; 'prejudice' is actual harm resulting from the alleged constitutional violation." *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984) (citation omitted). If a petitioner fails to show cause for his procedural default, the court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (*i.e.*, were not exhausted) or because they were not properly presented to the state courts (*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review.

**V.      Analysis**

Petitioner's grounds for relief are all procedurally defaulted. He presented his first three grounds on direct appeal but did not timely appeal them to the Supreme Court of Ohio. His fourth ground for relief simply claims the Ohio Court of Appeals came to the wrong conclusion when it reviewed his assignments of error. He also failed to raise this ground to the Supreme Court of Ohio. Petitioner attempted to file a delayed appeal to the Supreme Court of Ohio but the Court denied his motion. He has no other avenue available to him in state court to exhaust these claims.

The Supreme Court has stated that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas corpus review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). This Court applies the four-part test set forth in *Maupin*, *supra*, to determine if a claim is procedurally defaulted.

In this case, the State of Ohio has time limitations, which apply to filing appeals. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (citing Ohio S. Ct. Prac. R. II §

9

2(A)(4)(a)). Under the state procedural mechanism, the Supreme Court of Ohio has jurisdiction over timely appeals that are exercised within 45 days of entry of the state appellate court's decision. *See* Ohio S. Ct. Prac. R. II § 2(A)(1). The Supreme Court of Ohio may, in its discretion, take jurisdiction over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to Ohio S. Ct. Prac. R. II § 2(A)(4)(a). In those instances where the Supreme Court of Ohio chooses not to allow the delayed appeal, the unexplained state court decision denying leave to file is presumed to enforce an applicable procedural bar. *Bonilla*, 370 F.3d at 497; *Smith v. Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006). Denial of a motion for leave to file a delayed appeal under Ohio S. Ct. Prac. R. II § 2(A) (4)(a) is not a ruling on any claim included with the motion for leave, and is an "adequate and independent" basis for procedural default consistent with *Maupin*, which can foreclose federal habeas review. *Bonilla*, 370 F.3d at 497; *Smith*, 463 F.3d at 431-32 (6th Cir. 2006).

Because petitioner's claims are procedurally defaulted, federal habeas review is barred unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)). To

establish prejudice, petitioner must demonstrate that the constitutional error "worked to his *actual* and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (emphasis in original)).

Petitioner does not suggest that any factor external to the defense precluded him from appealing his conviction to the Supreme Court of Ohio. His petition provides no reason for the default. In his motion to the Supreme Court of Ohio, he indicated his appeal was untimely because he believed his attorney would file it. Ineffective assistance of appellate counsel can be used to establish cause; however, that ineffectiveness must itself amount to a violation of the Sixth Amendment and, therefore, must be both exhausted and not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 1476 L. Ed. 2d 518 (2000) (citing *Murray*, 477 U.S. at 488-89); *Burroughs v. Makowski*, 411 F.3d 665, 667-68 (6th Cir. 2005). Petitioner did not raise a claim of ineffective assistance of appellate counsel in the state courts. This claim is unexhausted and cannot serve as the basis for cause to excuse the procedural default of his other claims.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004) (citing *Murray*, 477 U.S. at 495-96). Petitioner asserts in his third ground for relief that he was merely a visitor at the home in question and that the female occupant of the home was selling cocaine and heroin. The state

11

presented a utility bill for the house in petitioner's name. There is no suggestion in the petition that petitioner was actually innocent of the crimes for which he was convicted.

### VI. Conclusion

For all the foregoing reasons, petitioner's application to proceed *in forma pauperis* (Doc. No. 9) is granted, the petition (Doc. No. 8) is denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 4, 2014

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**